UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORENZO McMILLAN, *et al.*                                    CIVIL ACTION

VERSUS                                                        NO. 23-657

ALLSTATE VEHICLE AND PROPERTY                                SECTION M (2)
INSURANCE COMPANY

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Allstate Vehicle

and Property Insurance Company ("Allstate").[1]  The motion is set for submission on December

28, 2023.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana

requires that a memorandum in opposition to a motion be filed no later than eight days before the

noticed submission date, making the deadline in this instance December 20, 2023.  Plaintiffs

Lorenzo and Leachel McMillan, who are represented by counsel, did not file an opposition to the

motion.  Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 26.

[2] R. Doc. 26-6.

[3] This is an insurance coverage dispute arising out of damage to plaintiffs' property sustained due to a plumbing leak. R. Doc. 1 at 1-2. Plaintiffs allege that their property was covered by a homeowners insurance policy issued by Allstate at the time of the leak, but that the insurer has failed to pay for the damages. *Id.* at 12; *see also* R. Doc. 26-3. Plaintiffs assert a claim against Allstate for breach of contract and seek penalties and attorney's fees under La. R.S. 22:1892 and 22:1973. R. Doc. 1 at 4-7. Allstate argues that it is entitled to summary judgment dismissing plaintiffs' claims because the claim is excluded under the policy's unambiguous seepage clause. R. Doc. 26. The seepage exclusion provides that Allstate will not pay for any damages caused by "continuous or repeated seepage or leakage over a period of weeks, months, or years, of water, steam or fuel: a) from plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a domestic appliance; or b) from, within or around any plumbing fixtures, including, but not limited to, shower stalls, shower baths, tub installations, sinks or other fixtures designed for the use of water or steam." R. Doc. 26-3 at 22. Allstate's expert engineer determined that the leak, and resulting damage, was caused by seepage from the drainpipe that caused corrosion over at least a few weeks, probably years. R. Doc. 26-2 at 2-4, 10. Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256-57 (5th Cir. 2022) (citing *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)).  "Courts must first consider the parties' intent by examining the words of the policy." *Id.* at 257 (citing *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007); La. Civ. Code arts. 2045-2046). In examining the terms of the policy, "'words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in

IT IS ORDERED that Allstate's motion for summary judgment (R. Doc. 26) is GRANTED, and this case is DISMISSED WITH PREJUDICE.[4]

New Orleans, Louisiana, this 21st day of December, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

which case the words must be ascribed their technical meaning.'" *Id.* (quoting *Sims*, 956 So. 2d at 589). "'When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent.'" *Id.* (quoting *Gorman v. City of Opelousas*, 148 So. 3d 888, 982 (La. 2014)). Here, the unambiguous policy terms exclude damage caused by seepage, which Allstate's expert engineer determined to have caused the leak and resulting damage. The entry of summary judgment is appropriate when a moving party demonstrates that there are no genuine issues of material fact and the nonmoving party fails to articulate specific facts showing a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Allstate has sustained its burden on its motion, which plaintiffs have failed to refute. Therefore, granting summary judgment in Allstate's favor is appropriate.

[4] Because the Court grants Allstate's motion for summary judgment and dismisses the case, it need not rule on Allstate's motion *in limine* to exclude plaintiffs' proposed public adjustor. R. Doc. 27.